[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 3, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11209

_____

D.C. Docket Nos. 05-CV-80459-WJZ & 00-33559-BKC-PG

In Re:    DOUGLAS F. MARTIN,

                                          Debtor.

_____

DOUGLAS F. MARTIN,

                                          Plaintiff-Appellant,

        versus

LEONIDAS PAHIAKOS,

                                          Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 3, 2007)**

Before  TJOFLAT, FAY, and SILER,[*] Circuit Judges.

SILER, Circuit Judge:

Douglas F. Martin appeals the district court's affirmance of the bankruptcy court's order finding him bound by its previous orders compelling and then approving the bankruptcy trustee's settlement of a state court action brought against Martin by Leonidas Pahiakos.  The bankruptcy court approved the settlement agreement between the bankruptcy trustee and Pahiakos, and found it binding on Martin since it resolved all issues raised by Martin in the state court action.

## BACKGROUND

In 1998, Pahiakos and Martin allegedly executed a Promissory Note and Security Agreement ("Note") for $650,000 in favor of Eleni Pahiakos.  Eleni Pahiakos assigned her interest to Leonidas, her husband, after Martin allegedly defaulted on the Note.  In 1999, Leonidas Pahiakos (hereinafter "Pahiakos") filed a state court action in Broward County, Florida, against Martin and two professional associations related to him.  The Return of Service filed by the process servers asserted that service of process was attempted in Martin's medical office in January 2000, but that Martin retreated upon seeing the process server.  The process server

---

[*] The Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

allegedly read the summons aloud and left it on the counter. However, a subsequent state court evidentiary hearing regarding the sufficiency of service revealed that Martin was treating patients at a hospital away from his medical office during the time the process server allegedly attempted to serve Martin.

In March 2000, the state court entered default judgment against Martin and his co-defendants in the amount of $835,882.04 after they failed to appear. Pahiakos obtained a Writ of Execution, which he subsequently levied against personal property located at Martin's home. Martin retained counsel and filed a motion to quash service of process and vacate the default judgment. The state court entered an agreed order staying the sale of the levied property and abating all of the judgment creditor's proceedings.

In August 2000, Martin filed for bankruptcy relief in federal bankruptcy court under Chapter 11 of the Bankruptcy Code. Pahiakos filed two Proofs of Claim, each for $835,882.04, based on the state court default judgments. Martin also listed Pahiakos as a creditor of his estate holding a partly-secured and partly-unsecured disputed debt. Martin's bankruptcy case was subsequently converted to a case under Chapter 7.

In September 2001, the state court substituted the bankruptcy trustee ("the Trustee") as the real party-in-interest in the state court action against Martin. During

the course of her duties, the Trustee filed a motion to compel settlement based on her contention that she and Pahiakos's counsel had orally agreed to the terms of a proposed settlement. The bankruptcy court granted the motion, finding that the Trustee and Pahiakos had entered a valid and enforceable settlement agreement.

In May 2002, the bankruptcy court granted the Trustee's motion to approve the settlement agreement. The settlement agreement provided that: (1) Martin's household goods and personal property would be auctioned off, with the net proceeds to be split between the Trustee and Pahiakos; (2) the Trustee waived any defenses that Martin's estate had to the sufficiency of process and would withdraw the motion to quash service of process and set aside default judgment with prejudice; (3) Pahiakos's claim would be treated as an allowed unsecured claim reduced by the amount Pahiakos received from the auction of Martin's personal property; and (4) Pahiakos would file a release of the final judgment as to Martin in the state court action. Although another creditor of Martin's estate objected to the settlement agreement, Martin never objected to its terms. The bankruptcy court approved the agreement, finding that it did not "fall below the lowest point in the range of reasonableness."

In September 2003, Martin filed a motion for a protective order in the state court action. The Trustee filed a notice of withdrawal of Martin's motion to quash service of process and set aside default judgment in the state court action. In October

2003, the Trustee filed a notice of intent to abandon interest in the state court litigation seeking to relieve the bankruptcy estate of any responsibility in connection with the state court action. The state court denied Martin's motion for a protective order because any issue regarding service of process had been withdrawn by the Trustee's notice of withdrawal.

In March 2004, Martin filed a motion for relief from judgment and dismissal of the state court action, asserting that the default judgment was void for failure of service of process and that he never received the Note. The state court held an evidentiary hearing on Martin's motion in late February and early March 2005. During this hearing, Pahiakos filed a motion in bankruptcy court seeking: (1) to enjoin Martin from proceeding in the state court action; (2) an order to show cause why Martin should not be held in contempt for violating the bankruptcy court's orders; and (3) to compel Martin's compliance with the bankruptcy court's orders.

In pleadings, Pahiakos admitted that he failed to comply with the settlement agreement because he never filed and recorded a release of judgment. However, he argued that the Trustee waived all of the defenses to the service in the state court action pursuant to the settlement agreement. He further argued that Martin and his counsel failed to object during both hearings related to the motion to compel

5

settlement and motion to approve the settlement, despite having received adequate notice.

In March 2005, the bankruptcy court entered an order ("settlement enforcement order"), concluding that the settlement agreement resolved all issues currently pending in the state court action. Therefore, the court granted Pahiakos's motion to the extent that it ordered Martin to comply with the settlement agreement.[1] The district court affirmed the bankruptcy court.

## DISCUSSION

As an initial matter, we address our jurisdiction to hear this appeal. In bankruptcy proceedings, an order is final and appealable if it resolves a "particular adversary proceeding or controversy," rather than the entire bankruptcy litigation. *In re The Charter Co.*, 778 F.2d 617, 621 (11th Cir. 1985). The district court's order in this case, affirming the bankruptcy court's settlement enforcement order "finally resolved and [left] nothing more for the bankruptcy court to do" with respect to the settlement agreement. *See id*. Therefore, the order is final and reviewable.

Pahiakos's argument that the order is not final because the bankruptcy court retains a role in compelling Martin to comply with the order is off the mark. In any

---

[1]The court denied as moot Pahiakos's request for the entry of a show cause order and his request for an injunction against Martin's involvement in the state court action.

6

case, a court retains the authority to enforce its orders and judgments. *See Engineering, Inc. v. IRS*, 92 F.3d 1539, 1553 (11th Cir. 1996). That residual authority does not render the court's orders and judgments disposing of a case non-final.

With our jurisdiction over this appeal a settled matter, we focus now on the parties' substantive arguments. Initially, we note that the bankruptcy court did not err in approving the settlement agreement because it did not fall below the lowest point in the range of reasonableness. *See In re W.T. Grant Co.*, 299 F.2d 599, 608 (2d Cir. 1983). Martin concedes that his appeal is not dependent on the validity of the settlement agreement, and thus, he presents no challenge to this determination. To be sure, at no point in this litigation has he challenged either the notice or opportunity to object at the hearing during which the bankruptcy court approved the settlement agreement.

Instead, Martin's challenge to the settlement agreement focuses on its preclusive effect. While these arguments are not without merit, we agree with Pahiakos that the order approving the settlement agreement bars Martin from re-litigating these issues.

Under *In re Justice Oaks II, Ltd.*, 898 F.2d 1544 (11th Cir. 1990), a prior judgment must meet four criteria to be given preclusive effect:

7

First, the prior judgment must be valid in that it was rendered by a court of competent jurisdiction and in accordance with the requirements of due process. Second, the judgment must be final and on the merits. Third, there must be identity of both parties or their privies. Fourth, the later proceeding must involve the same cause of action as involved in the earlier proceeding.

*Id*. at 1550 (citations omitted).

Here, the order approving the settlement agreement was entered in a court of competent jurisdiction and in accordance with due process. Martin argues that the bankruptcy court did not have jurisdiction to enter its March 2005 order because the Trustee's abandonment of any interest in the state court litigation divested the bankruptcy court of jurisdiction and restored his ability proceed in that litigation.

However, the Trustee's abandonment was a ministerial act pursuant to the Bankruptcy Code which divested the Trustee, and Martin's estate, of any *remaining* interest in the state court litigation. The Bankruptcy Code provision dealing with abandonment supports the conclusion that the abandonment affected solely the *remaining* interest in the state court litigation and does not re-vest Martin with the ability to re-litigate his defense to service of process. Under 11 U.S.C. § 554(a), "the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."

The rights of Martin's estate in the state court litigation at the time the bankruptcy petition was filed were neither burdensome nor of inconsequential value. Only after the settlement agreement effectively precluded that litigation from proceeding did the estate's rights become of inconsequential value and only then did the Trustee abandon any remaining interest in that litigation. Thus, the abandonment was meant to be effective only as to the estate's rights in the state court litigation after entry of the settlement agreement. Therefore, the Trustee's abandonment of the remaining interest in the state court litigation in no way affected either the bankruptcy court's order approving the settlement or the court's jurisdiction to enforce that order.

With respect to the second prong, the bankruptcy court's order approving the settlement agreement is sufficiently final such that it is entitled to preclusive effect. Martin argues that, under *In re Justice Oaks II,* a court's order approving a settlement agreement can never have a preclusive effect on future litigation since that order does not constitute a final decision on the merits. *Id.* at 1549. However, *In re Justice Oaks II* involved a comprehensive settlement plan under Chapter 11. It was only logical, therefore, that the plaintiffs' claims in that case were precluded only once the bankruptcy court entered the order confirming the plan since this would provide finality to all parties involved. In this case under Chapter 7, on the other hand, there is less of a need to require a confirmation order to provide finality since there is no

9

comprehensive plan involving numerous parties. For purposes of *res judicata*, the order approving the settlement agreement provides a final determination on the merits in this case.

Third, it is beyond dispute that the parties in both cases are identical. Although the Trustee stood in the shoes of Martin during this phase of the litigation, that is no impediment to considering the parties identical in the *res judicata* analysis. Finally, it is similarly indisputable that the causes of action involved in both suits are identical since both cases arise of the same nucleus of operative facts and involve the same factual predicates. *See Citbank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1503 (11th Cir. 1990).

Thus, the doctrine of *res judicata* precludes Martin from re-litigating the defenses waived in the settlement agreement and considered at the appropriate time by the bankruptcy court.

**AFFIRMED.**