[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 4, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15615
Non-Argument Calendar

_____

D. C. Docket No. 06-00095-CV-LGW-3

MATTHEWS, WILSON & MATTHEWS, INC.,
SAMANTHA D. WATKINS,

Plaintiffs-Appellants,

versus

CAPITAL CITY BANK,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(April 4, 2008)**

Before BIRCH, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Plaintiffs appeal the district court's order granting summary judgment to the defendants on their state law claims of fraud, conversion, money had and received, breach of fiduciary duty and for an accounting.[1] After review, we affirm.

## I. BACKGROUND

This diversity action arises out of a series of loans by defendant Capital City Bank ("the bank")[2] to plaintiff Matthews, Wilson & Matthews, Inc. ("MWM") that were secured with a piece of MWM's property in Conyers, Georgia ("Conyers property"). Plaintiff Samantha Watkins is the chief executive officer and sole shareholder of MWM.

MWM had trouble making loan payments, and ultimately filed for Chapter 7 bankruptcy. The bankruptcy trustee sought approval from the bankruptcy court to sell the Conyers property and use the sale proceeds to satisfy the bank's lien. On behalf of MWM, Watkins filed an objection to the sale in which she argued that the bank had engaged in fraud, misappropriated funds and failed to give an accounting. The factual allegations in Watkins's bankruptcy objection are also included in plaintiffs' claims in this case. After a hearing, the bankruptcy court overruled Watkins's objection and approved the sale of the Conyers property and the use of

---

[1]On appeal, plaintiffs do not challenge the district court's conclusion that plaintiffs abandoned a Truth In Lending Act claim. Thus, we do not address this claim.

[2]Capital City Bank is the successor in interest to Farmers and Merchants Bank, which made the loans.

2

the sale proceeds to apply to the bank's lien. Thus, the bankruptcy court effectively decided plaintiffs' claims adversely to the plaintiffs.

Over a year after the bankruptcy court's order approving the sale, MWM amended its schedule of personal property to include state law claims of fraud, conversion and misapplication of funds against the bank in connection with the loans secured by the Conyers property. In response, the bankruptcy trustee filed a formal abandonment of this property, pursuant to 11 U.S.C. § 554(a). Section 554(a) provides that "[t]he trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).

Plaintiffs then filed this civil action against the bank asserting the state law claims. The district court granted the bank's motion for summary judgment. The district court concluded, among other things, that the bankruptcy court's order approving the sale of the Conyers property precluded the plaintiffs' state law claims because the plaintiffs had already raised these same claims in the bankruptcy objection to the sale, and the bankruptcy court had overruled the objection. Plaintiffs filed this appeal.

## II. DISCUSSION

On appeal, plaintiffs argue that the district court erred in giving preculsive

3

effect to the bankruptcy court's order approving the sale.[3]

In a diversity case, we apply the law of the state in which the district court sits to determine whether the doctrine of res judicata applies. Wesch v. Folsom, 6 F.3d 1465, 1471 (11th Cir. 1993). Under Georgia law, the doctrine of res judicata, or claim preclusion, will bar a subsequent action when there is: "'(1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction.'" Gunby v. Simon, 277 Ga. 698, 699 (2004) (quoting Waldroup v. Greene County Hosp. Auth., 265 Ga. 864, 866 (1995) and citing O.C.G.A. § 9-12-40).

Plaintiffs argue only that the bankruptcy court was not a court of competent jurisdiction over the state law claims. Plaintiffs contend that "the abandoned tort action would be treated as if it were never a part of the estate, leaving the bankruptcy court without jurisdiction to issue orders which have a preclusive effect." Thus, according to plaintiffs, the bankruptcy trustee's formal abandonment of their state law claims retroactively divested the bankruptcy court of jurisdiction over those claims and restored the claims to them in their pre-petition status.

This argument is foreclosed by In re Martin, 490 F.3d 1272 (11th Cir. 2007).

---

[3]We review de novo a district court's application of the doctrine of res judicata. Kizzire v. Baptist Health Sys., Inc., 441 F.3d 1306, 1308 (11th Cir. 2006).

4

In In re Martin, the appellant argued that a bankruptcy trustee's abandonment of an interest in a state court action "divested the bankruptcy court of jurisdiction and restored his ability [to] proceed in that litigation." 490 F.3d at 1276. This Court concluded that a bankruptcy trustee's "abandonment [is] a ministerial act pursuant to the Bankruptcy Code which divested the Trustee, and [the debtor's] estate, of any remaining interest . . . . and does not re-vest [the debtor] with the ability to re-litigate" issues already decided. Id.

Here, as the district court found (and plaintiffs do not dispute), the claims plaintiffs now assert are the claims they raised in their bankruptcy objection to the trustee's motion to sell the property and the bankruptcy court overruled their objection. Over a year later, and only after MWM amended its bankruptcy petition to list the claims, did the bankruptcy trustee formally abandon the claims pursuant to § 554(a).

As in Martin, the bankruptcy trustee's abandonment of plaintiffs' claims was a ministerial act performed only after the claims had already been rejected by the bankruptcy court and were of inconsequential value. Under Martin, what reverted back to MWM after the trustee's abandonment was "any remaining interest" in the claims after the bankruptcy court had approved the Conyers property sale. The trustee's abandonment did not "re-vest" the plaintiffs with the ability to relitigate

5

the claims overruled by the bankruptcy court.

For these reasons, the district court did not err in applying the doctrine of res judicata.[4]

**AFFIRMED.**

---

[4]We also find no error in the district court's alternative conclusions that some of plaintiffs' claims are barred by the applicable statutes of limitation and that there is no genuine issue of material fact as to the remaining timely claims.