IN RE: Edward J. DOLAN and Lori A. Dolan, Debtors.

Edward John Dolan, Lori Ann Dolan, Michael Vater, Esq. and the Ticktin Law Group, P.A., Appellants,

v.

Carrington Mortgage Services as Servicer for Deutsche Bank National Trust Company, as Indentured Trustee for New Century Home Equity Loan Trust 2004-3, Appellee.

CASE NO. 15–CV–80879–MIDDLEBROOKS
Adv. Case No: 10–36036–PGH

United States District Court, S.D. Florida.

Signed 02/18/2016

Michael E. Zapin, Boca Raton, FL, Peter Duff Spindel, Miami, FL, for Appellants.

Adam Alexander Diaz, SHD Legal Group, P.A., Ft. Lauderdale, FL, for Appellee.

### ORDER ON APPEAL OF ORDER OF BANKRUPTCY COURT

DONALD M. MIDDLEBROOKS, UNITED STATES DISTRICT JUDGE

THIS CAUSE comes before the Court on Appeal of an Order of the United States Bankruptcy Court of the Southern District of Florida. Appellants are the Debtors, Edward John Dolan and Lori Ann Dolan (the "Debtors"), as well as the Debtors' counsel in the relevant foreclosure proceedings in state court, Michael Vater and The Ticktin Law Group (collectively, "Ticktin"). Appellants appeal three Orders of the United States Bankruptcy Court of the Southern District of Florida (the "Bankruptcy Court").

The underlying dispute is whether filing a statement of intention in compliance with 11 U.S.C. § 521(a)(2) constitutes "surrender" of real property. However, because the Debtors never properly raised this issue before the Bankruptcy Court, and because Ticktin does not have standing to raise this argument on appeal, I need not reach the underlying dispute. For the following reasons, the Bankruptcy Court's Orders are affirmed.

## I.  Background [1]

On July 6, 2010, Appellee Carrington Mortgage Services ("Carrington"), as servicer for Deutsche Bank National Trust Company ("Deutsch Bank"), initiated a foreclosure action (the "Foreclosure Action") in state court against the Debtors for a residence at 5447 Twin Oaks Road, Lake Worth, Florida (the "Residence"). (DE 18–8 at 2; DE 18–5 at 2).

On August 31, 2010, the Debtors filed for bankruptcy under Chapter 7. (DE 18–1 at 2). The Debtors filed a Statement of Intention ("Statement of Intention") pursuant to 11 U.S.C. § 521(a)(2),[2] in which they included the Residence as one of their assets and listed it as non-exempt and "surrendered." (DE 18–2 at 10, 40). Deutsche Bank was the secured creditor of the Residence. Judge Paul Hyman of the Bankruptcy Court administered the bankruptcy and granted the Debtors a discharge on December 17, 2010. (DE 18–1 at 5; DE 18–4).

In 2011, the Debtors retained Ticktin as counsel and contested the Foreclosure Action. The Foreclosure Action was litigated for approximately four years. On March 13, 2015, Carrington moved in the Bankruptcy Court to reopen the bankruptcy proceeding, to compel surrender of the Residence, and for sanctions ("Motion to Compel"). (DE 18–5 at 1–11).[3] In its Motion to Compel, Carrington argued the issue of the current appeal—that, under Eleventh Circuit case law, a Statement of Intention indicating surrender of a residence in a bankruptcy proceeding mandates that the debtor surrender the property to the secured creditor. (DE 18–5 at 6) (citing *In re Taylor*, 3 F.3d 1512, 1516 (11th Cir.1993)). Thus, according to Carrington, for the Debtors to comply with their Statement of Intention pursuant to Section 521(a)(2) in the Bankruptcy Court, the Debtors must withdraw any defense in the Foreclosure Action and surrender the Residence. Judge Hyman set a hearing for the Motion to Compel for April 8, 2015. (DE 18–1 at 6).

Neither the Debtors nor Ticktin filed a Response to the Motion to Compel before the hearing. On April 8, 2015, the Bankruptcy Court held a hearing on the Motion to Compel, in which the Debtors appeared, represented by Michael Zapin.[4] (The "April 8 Hearing") (DE 18–20 at 3). Ticktin did not appear. (*Id.*). At the hearing, when asked for a response as to the Motion to Compel, Mr. Zapin, on behalf of Debtors, stated:

---

**1.** Appellants requested oral argument (DE 29), but I do not find that oral argument is necessary.

**2.** Section 521(a)(2) imposes a duty on a debtor to 'within thirty days after the date of the filing of a petition under chapter 7 ... file with the clerk a statement of his intention with respect to the retention or surrender of [property of the estate] and, if applicable, specifying that such property is claimed as

exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property.' 11 U.S.C. § 521(a)(2)(A)

**3.** It is unclear why Carrington waited four years to seek relief in the Bankruptcy Court.

**4.** Mr. Zapin does not appear to be associated with Ticktin in any way.

I do take exception to [Appellee] Counsel's categorization that it was surrender to the creditor is an issue that we're taking up on appeal.

(DE 18–20 at 4). However, when the Bankruptcy Court asked why Debtors disagreed, Mr. Zapin responded:

It's my position, Your Honor that the surrender was made to the Chapter 7 Trustee and the trustee had abandoned it back. However, Your Honor, if I can simplify. My client is willing to surrender the property.... [M]y client lives out of state. She is not looking to litigate the issue. She's willing to consent to a judgment of foreclosure. However, she's asking for 90 days basically to transition out of the property. And if counsel is amenable then I think, you know, we could settle the issue here and be done. We don't need to deal with those other issues.

(DE 18–20 at 4–5). The discussion then moved on to the issue of sanctions, and because Ticktin was not present, Judge Hyman stated he was going to issue an Order to Show Cause why Ticktin should not be sanctioned as the agent of the debtor. (DE 18–20 at 7).

On April 13, 2015, Judge Hyman entered two Orders. Judge Hyman first entered an Order Granting Carrington's Motion to Compel ("Order Granting Motion to Compel") in which the Bankruptcy Court opened the bankruptcy case and compelled the Debtors to withdraw their Answer and Affirmative Defenses in the Foreclosure Action but deferring determination of sanctions until it could conduct an evidentiary hearing on April 29, 2015. (DE 18–8). Judge Hyman also entered an Order to Show Cause Why Edward John Dolan, Lori Ann Dolan And The Ticktin Law Group, As The Debtors' Agent, Should Not Be Sanctioned For Violation Of 11 U.S.C. § 521(a)(2)(B) ("Order to Show Cause"). The Order to Show cause ordered the Debtors and Ticktin to appear on April 29, 2015 to "show cause why they should not be sanctioned for their failure to comply with their Statement of Intentions." (DE 18–9 at 4).

The Debtors did not file a response to the Order Granting Motion to Compel or the Order to Show Cause. Rather, the Debtors filed an Emergency Motion to Waive Physical Appearance at the Order to Show Cause Hearing ("Motion to Waive Physical Appearance"), wherein the Debtors—in sworn affidavits—contended that they were living out of the state and had already directed Ticktin to surrender the Residence in the Foreclosure Action. (DE 18–10 at 7). Judge Hyman granted the Motion and permitted the Debtors to appear telephonically. (DE 18–11 at 2).

Ticktin filed two responses to the Order to Show Cause. In Ticktin's first response, filed April 27, 2015, Ticktin argued lack of due process as Ticktin never received notice of the statement of intention, lack of due process to other interested parties (the other defendants in the Foreclosure Action), and lack of notice to the Debtors. (DE 18–14). Ticktin's second response, filed June 1, 2015, Ticktin reiterated its arguments from the April 27, 2015 Response, and added an argument that Section 521(a)(2) is a notice statute and does not alter the Debtors' substantive rights. (DE 18–21 at 12). The Debtors did not sign or otherwise indicate joining Ticktin's Responses. *See* (DE 18–14; DE 18–21; DE 18–1).

Judge Hyman held a hearing on June 3, 2015, based on Carrington's Motion to Reset the Order to Show Cause (the "June 3 Hearing"). (DE 23–24).[5] At the June 3

---

5. The Original April 29, 2015 hearing date for

the Order to Show Cause had been cancelled

Hearing, Peter Spindle, on behalf of Ticktin, argued that Ticktin had complied with the Order to Compel by, on behalf of the Debtors, withdrawing defenses in the Foreclosure Action as soon as Ticktin had received notice, and therefore requested that the Motion to Reset be denied. (DE 23–24 at 4–7). Peter Ticktin, of Ticktin, appeared and referenced Ticktin's argument about Section 521(a)(2) being a notice provision. (DE 23–24 at 9). He stated:

> And I would also add—point out, your Honor, that there are some cases that do differ. There was a decision that was alluded to in the papers ... where [the court] speaks of surrender simply being a notice provision. There is a good logical argument that basically says that the surrender is not the way this Court does see it.

*Id.* The Debtors appeared at the hearing telephonically, again represented by Mr. Zapin. The Debtors did not join in any of Ticktin's statements. *See* (DE 23–24). Judge Hyman stated that he was denying sanctions and that he was going to enter an Order denying the Motion to Reset Order to Show Cause. (DE 23–24 at 13). On June 10, Judge Hyman entered an Order Denying Motion to Reset Order to Show Cause ("Order Denying Motion to Reset"). (DE 18–22). Appellants filed a Notice of Appeal on June 24, 2015. (DE 1).

## II. Legal Standard

■ A district court reviews "the bankruptcy court's findings of fact for clear error and the court's conclusions of law and mixed questions of law and fact *de novo.*" *In re McLean,* 794 F.3d 1313, 1318 (11th Cir.2015)

due to Appellants' filing a notice of appeal that was subsequently dismissed. (DE 18-18 at 2; DE 23- 24 at 3).

## III. Discussion

This is an unusual case for multiple reasons. First, it is unclear whether Appellants [6] truly wish to appeal all three orders listed in their notice of appeal. In their Notice of Appeal, Appellants list three orders for this Court to review: the Bankruptcy Court's Order to Compel, Order to Show Cause, and Order Denying Motion to Reset Order to Show Cause. (DE 1). However, in their Initial Brief, Appellants direct their arguments entirely towards the Order to Compel and the Order to Show Cause. (DE 10). Yet, the Initial Brief ends with the request to reverse all three Orders. (*Id.* at 23). Beyond the ambiguity in the pleadings, I am perplexed as to why Appellants would wish to appeal Judge Hyman's Order Denying Motion to Reset, as that Order *denied* Carrington's Motion to reset a hearing to determine sanctions against Ticktin, and presumably, Ticktin would not want a new hearing to be set in order to determine sanctions against itself.

Moreover, it is unclear whether the Debtors actually seek appellate review— the only attorney signing on behalf of Appellants is Mr. Spindel. (DE 1 at 2: DE 10 at 25; DE 14 at 2; DE 20 at 3; DE 23 at 3; DE 24 at 3; DE 28 at 3; DE 29 at 2; DE 30 at 2). Mr. Spindel was the attorney who represented Ticktin in the Bankruptcy Court before Judge Hyman, while the Debtors were represented by Mr. Zapin. Although Ticktin represented the Debtors in the Foreclosure Action, it is unclear whether Ticktin—or Mr. Spindle—ever appeared on behalf of the Debtors in the Bankruptcy Court.

6. In their briefing, Appellants do not differentiate between the Debtors and Ticktin. I therefore construe all arguments in Appellants' briefing as being raised by both the Debtors and Ticktin.

Despite these unusual circumstances, I have reviewed the briefing by both sides. Appellants argue that the Bankruptcy Court improperly interpreted 11 U.S.C. § 521(a)(2) to require the Debtors to surrender the Residence in the Foreclosure Action. (DE 10 at 14, 19, 22–23). In response, Carrington contends that the Appellants fail to differentiate between the arguments made by the Debtors and those made by Ticktin. (DE 19 at 12). Carrington argues that the Debtors have waived any argument as to the interpretation of Section 521(a)(2) and that Ticktin does not have standing to raise the issue on appeal. (*Id.*).

## A. Jurisdiction

■■■ Although the Parties do not dispute that this Court has jurisdiction to hear the appeal from the Bankruptcy Court (DE 10 at 4; DE 19 at 6), I must consider jurisdiction "even if it means raising the issue *sua sponte.*" *In re Donovan,* 532 F.3d 1134, 1136 (11th Cir.2008). A district court has jurisdiction to hear appeals "from final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1). "Finality is given a more flexible interpretation in the bankruptcy context, however, because bankruptcy is an aggregation of controversies and suits." *In re Donovan,* 532 F.3d 1134, 1136 (11th Cir.2008). "In short, the same concepts of finality apply in bankruptcy as in any other case, but they are applied to the discrete controversies within the administration of the estate; 'the separate dispute being assessed must have been finally resolved and leave nothing more for the bankruptcy court to do.' " *Id.* at 1137 (quoting *In re Charter Co.,* 778 F.2d 617, 621 (11th Cir.1985)).

■ Here, after the Bankruptcy Court entered the Order Denying Motion to Reset, the Bankruptcy Court completely resolved the dispute between Carrington and the Appellants—compelling surrender of the Residence and denying sanctions—and the Bankruptcy Court was left with nothing more to do. *See In re Martin,* 490 F.3d 1272, 1275 (11th Cir.2007) (finding bankruptcy court's order compelling compliance and denying order for show cause constituted a final order). Accordingly, I have jurisdiction to review the Bankruptcy Court's Orders.

## B. Preservation of Claim

Carrington argues that the Debtors failed to preserve the arguments—arguments based on the interpretation of Section 521(a)(2)—that are presently raised in the Appeal. (DE 19 at 14). In reply, Appellants contend that they raised these arguments as soon as they were able, after Ticktin appeared in the Bankruptcy Court. (DE 25 at 4).[7] Appellants also argue that even if they failed to preserve the arguments on appeal, this Court should exercise discretion to nevertheless hear the appeal. (*Id.* at 6).

■■ A "district court in reviewing the decision of a bankruptcy court functions as an appellate court." *In re Colortex Indus., Inc.,* 19 F.3d 1371, 1374 (11th Cir. 1994). If "parties hope to preserve a claim, argument, theory, or defense on appeal, they must first clearly present" it to the lower court. *Gennusa v. Canova,* 748 F.3d 1103, 1116 (11th Cir.2014).

■ Here, Appellants conflate the Parties. Even assuming Ticktin properly raised the instant argument on appeal in the Bankruptcy Court, the Debtors did

---

**7.** In Reply, Appellants do not address Carrington's contention that Appellants fail to differentiate between the Debtors with Ticktin. Rather, the Reply continues to refer to the Appellants, generally.

not. At no time in the Bankruptcy Court, did the Debtors, represented by Mr. Zapin, contest the Bankruptcy Court's Order to Compel surrender in the Foreclosure Action. To the contrary, the Debtors conceded this point at the April 8 Hearing, as well as in their sworn affidavits in their Motion to Waive Physical Appearance. The only mention of "surrender" by the Debtors was through Mr. Zapin at the April 8 Hearing, wherein Mr. Zapin said "I do take exception to [Appellee] Counsel's categorization that it was surrender." (DE 18–20 at 4–5). However, Mr. Zapin immediately continued, saying that the Debtors would comply with the Motion to Compel and, in referencing the interpretation of "surrender," said "[w]e don't need to deal with those other issues." (*Id.*). Thus, the Debtors have waived any argument as to the interpretation of Section § 521(a)(2). Moreover, I am not inclined to exercise discretion to hear the appeal of an issue never presented—but rather, conceded to—by the Debtors in the Bankruptcy Court.

### C. Standing

Assuming without deciding that Ticktin properly preserved its challenge based on an interpretation of Section 521(a)(2), Ticktin lacks standing to appeal. Carrington contends that Ticktin lacks a cognizable injury for which to bring the instant appeal. (DE 19 at 19). In reply, Appellants assert that Ticktin is an aggrieved party because, at the June 3 Hearing, Judge Hyman indicated that in future cases, Judge Hyman would entertain sanctions against Ticktin for taking the same legal position in future cases. (DE 25 at 9) (citing DE 23–24 at 8).

 As a threshold requirement of standing, Ticktin must assert "an injury in fact." *City of Miami v. Bank of Am. Corp.*, 800 F.3d 1262, 1272 (11th Cir.2015). An injury in fact must be "concrete, particularized, and actual or imminent." *Id.*

 Appellants seek appellate review of three orders: the Order to Compel, Order to Show Cause, and Order Denying Motion to Reset Order to Show Cause. (DE 1). The only portion of any of the three Orders that imposes any requirement on Ticktin is an Order to Show Cause why Ticktin should not be sanctioned. However, at the June 3 Hearing, Judge Hyman denied sanctions against Ticktin. (DE 23–24 at 13).[8] A hypothetical sanction in an unnamed future case does not constitute a concrete, particularized, and actual or imminent injury in fact. *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 985 (11th Cir.2005) ("We simply cannot conclude that the loss of a hypothetical and uncertain prospect of earning a sum of money amounts to an 'actual' or 'imminent' injury."). Thus, Ticktin does not have an injury in fact and therefore does not have standing to appeal the Orders.

**ORDERED AND ADJUDGED** that the Bankruptcy Court's Final Judgment is **AFFIRMED.** The Clerk of Court shall **CLOSE** this case and **DENY** all pending motions as **MOOT.**

**SO ORDERED** in Chambers in West Palm Beach, Florida, this *18* day of February, 2016.

---

**8.** As previously mentioned, it is unclear why Ticktin appeals the denial of sanctions against itself.