[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11923
Non-Argument Calendar

_____

D.C. Docket No. 3:15-cv-00109-LC-CJK; 3:09-bkc-31595-KKS

In Re: C.D. JONES & COMPANY, INC.,

Debtor.

_____

THOMAS DAAKE,
ADELE DAAKE,

Plaintiffs-Appellants,

versus

C.D. JONES & COMPANY, INC., et al.,

Defendants,

SHERRY F. CHANCELLOR,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 20, 2016)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Thomas and Adele Daake seek review of the district court's dismissal of their bankruptcy court appeal for lack of subject matter jurisdiction.  The Daakes contend the district court erred when it determined the bankruptcy court's settlement order was not a final judgment appealable under 28 U.S.C. § 158(a)(1). After review,[1] we reverse and remand to the district court with instructions to hear the appeal.

## I. BACKGROUND

The Daakes are creditors of C.D. Jones & Company, Inc., which has been the subject of a lengthy bankruptcy proceeding.  Not long before the bankruptcy petition was filed, Christopher Jones, a fifty percent shareholder of C.D. Jones, allegedly transferred his equity interest in the company to another significant creditor in exchange for $1,500,000 in real property and $250,000 in cash.  The bankruptcy trustee appears not to have considered the property to be part of the bankruptcy estate, as she took no action to void the transfers.

The Daakes obtained leave from the bankruptcy court to initiate an adversarial proceeding on behalf of the estate in order to resolve the limited questions of whether the $1,500,000 in real property and $250,000 in cash were

---

[1] This Court reviews questions of subject matter jurisdiction de novo. *In re Heatherwood Holdings, LLC*, 746 F.3d 1206, 1216 (11th Cir. 2014).

fraudulently transferred to Jones and should be considered property of the estate. In the proceeding, the bankruptcy court granted Jones' partial motion for summary judgment with respect to the real property. At that point, the only remaining issue in the adversarial proceeding was whether the cash was fraudulently transferred. That issue was never decided, however, as it was foreclosed by a settlement order in the main bankruptcy case, pursuant to which the defendants agreed to pay $250,000 into the bankruptcy estate in exchange for settlement of all claims against the trustee or the company. The bankruptcy court entered the order over the Daakes' objection, reasoning that $250,000 was the most they could have won for the estate in the adversarial proceeding in any case. After the settlement, the only matters still pending in the adversarial proceeding were motions for attorneys' fees resulting from litigation misbehavior.

The Daakes appealed the bankruptcy court's settlement order to the district court. After briefing, the district court dismissed the appeal sua sponte for lack of subject matter jurisdiction under 28 U.S.C. § 158(a)(1) and (3). It reasoned the settlement order was not "final," and thus not appealable under § 158(a)(1). The court also found the order was not appealable as an interlocutory order pursuant to § 158(a)(3), so it dismissed the appeal. The Daakes subsequently appealed to this Court.

3

The limited issue confronting this Court is whether the settlement order was "final" under § 158(a)(1). We hold that it was. Consequently, the district court has subject matter jurisdiction.

## II. DISCUSSION

"In a bankruptcy case, an order is final and appealable if it resolves 'a particular adversary proceeding or controversy' rather than the entire bankruptcy litigation." *In re Martin*, 490 F.3d 1272, 1275 (11th Cir. 2007) (quoting *In re The Charter Co.*, 778 F.2d 617, 621 (11th Cir. 1985)). In this case, the bankruptcy court's order was final and appealable under § 158(a)(1) because it "end[ed] the litigation on the merits and [left] nothing for the court to do but execute the judgment." *Charter Co.*, 778 F.2d at 621. As noted above, the adversary proceeding consisted of two issues. The court had already granted partial summary judgment with respect to the property, holding it was not fraudulently transferred. Thus, when the settlement order was entered, in which the trustee agreed to accept settlement in exchange for waiver of its claim with respect to the only remaining issue—the transfer of the cash—there was nothing left for the court to do in the adversary proceeding. *See Martin*, 490 F.3d at 1275 (holding bankruptcy court had

"nothing more . . . to do with respect to the settlement agreement" and thus the order, together with the district court order affirming it, was final).[2]

In its order, the district court pointed to the fact that the adversarial proceeding still had "a number of matters pending."  But because those matters pertained only to attorneys' fees, they did not affect the finality of the settlement order.  *See In re Porto*, 645 F.3d 1294, 1299 (11th Cir. 2011) (holding Supreme Court's "bright line rule," that issue of attorneys' fees is always collateral to the merits, applies in bankruptcy cases, and thus fee issues do not affect finality).

### III. CONCLUSION

Because we conclude the district court has appellate jurisdiction under § 158(a)(1), we reverse and remand and instruct the court to hear the appeal.

**REVERSED AND REMANDED.**

---

[2] Appellee cites *In re Justice Oaks II, Ltd.*, 898 F.2d 1544 (11th Cir. 1990), for the proposition that a settlement order is not final and appealable.  However, in that case this Court considered whether a settlement order could be given preclusive effect as a final judgment on the merits and not merely whether it was final for purposes of appeal, so it is not applicable here.  *Id.* at 1549 (holding because the bankruptcy court considers only the probability of success in the litigation on the merits in deciding whether to approve a settlement, a settlement cannot have preclusive effect).