[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12522

Non-Argument Calendar

_____

In re: NO RUST REBAR, INC.,

                                                        Debtor.

_____

DON SMITH,
GLOBAL ENERGY SCIENCES, LLC,
RAW ENERGY MATERIALS CORP.,
YELLOW TURTLE DESIGN, LLC,

                                                Plaintiffs-Appellants,

*versus*

SONYA SALKIN SLOTT,
GREEN TECH DEVELOPMENT, LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:22-cv-61666-RKA

_____

Before NEWSOM, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Appellants,[1] the "Smith Entities," appeal the district court's order affirming the bankruptcy court's approval of a settlement between the bankruptcy estate's trustee and a creditor, Green Tech Development, LLC.  After careful review, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

No Rust Rebar, Inc., a company formed to manufacture and sell rebar, contracted to buy a facility (the "Property") for its manufacturing operations.  No Rust paid a non-refundable deposit that allowed it to immediately occupy the Property.  But when No Rust ultimately "lacked the funds to close" on the Property, it "assign[ed] its right to purchase the Property" to Green Tech, which

---

[1] Appellants are Don Smith and his "[f]amily" of comingled entities:  Global Energy Sciences, LLC; Raw Energy Materials, Corp.; and Yellow Turtle Design, LLC.

bought the Property instead while No Rust remained in possession. No Rust's president Don Smith later tried to exercise No Rust's alleged option to purchase the Property from Green Tech. Green Tech refused to sell, and No Rust sued Green Tech in state court.

While the state case was pending, No Rust voluntarily filed for Chapter 11 bankruptcy. It was "allowed to remain in full operation of its business and to manage [the P]roperty as a debtor-in-possession," but Green Tech filed a "Proof of Claim," asserting No Rust owed it $1,948,339 in "[d]amages resulting from a Lis Pendens and [from No Rust's] occupying [the P]roperty." The claim was secured by a $300,000 cash bond.

No Rust removed the Property dispute to the bankruptcy court and submitted its reorganization plan, which "acknowledge[d] that confirmation [of the plan] depend[ed] entirely on No Rust's success in the Property [d]ispute." The bankruptcy court eventually converted the case to a Chapter 7 liquidation and appointed Sonya Slott as the estate's Chapter 7 trustee. Slott and Green Tech negotiated a settlement to resolve their disputes and presented it to the bankruptcy court.

The settlement's terms included that the parties would dismiss the Property dispute and "exchange mutual releases for all potential suits and claims, . . . jointly sell their respective interests in the Property with a total reserve price of $3,000,000," and share the proceeds of the Property sale "in tiers, with different price targets triggering different sharing percentages." Additionally, "regardless of the Property [s]ale's outcome, the [c]ash [b]ond No Rust had

posted would be released to the estate, . . . Green Tech would re-ceive 33% of the recovery from any . . . future litigation" with "No Rust's affiliates and insiders for improper transfers of estate assets," and Green Tech would receive a "non-priority general unsecured claim of $2,500,000." The bankruptcy court approved the settle-ment after a hearing at which the Smith Entities presented a coun-terproposal, and the district court affirmed the bankruptcy court's order in full. The Smith Entities timely appealed.

## STANDARD OF REVIEW

"We act as a second court of review in bankruptcy appeals, independently examining the factual and legal determinations of the bankruptcy court . . . . When, as here, the district court affirms the bankruptcy court's order, we consider the bankruptcy court's decision directly." *In re Hoffman*, 22 F.4th 1341, 1344 (11th Cir. 2022) (citations omitted). We review the bankruptcy court's ap-proval of a settlement for abuse of discretion. *In re Chira*, 567 F.3d 1307, 1311 (11th Cir. 2009).

## DISCUSSION

A bankruptcy court abuses its discretion if it approves a set-tlement that "fall[s] below the lowest point in the range of reason-ableness." *In re Martin*, 490 F.3d 1272, 1275 (11th Cir. 2007). To decide whether to approve a settlement, the bankruptcy court must consider:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of

collection; (c) the complexity of the litigation in-
volved, and the expense, inconvenience and delay
necessarily attending it; (d) the paramount interest of
the creditors and a proper deference to their reasona-
ble views in the premises.

*In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990) (cita-
tion omitted).

The Smith Entities argue that the bankruptcy court abused
its discretion in four ways when it approved the settlement be-
tween Slott and Green Tech. First, they contend the settlement
violated the Bankruptcy Code by flouting the "distribution scheme
and sale procedures" in 11 U.S.C. sections 507 and 726. Second, the
Smith Entities argue the settlement "[f]ailed to [d]isclose [a]ll
[t]erms" and the bankruptcy court approved it before discovery
was completed. Third, the Smith Entities contend the bankruptcy
court violated 11 U.S.C. section 363 by authorizing the sale of
"property not owned by the estate." Fourth, they argue the bank-
ruptcy court should have approved "the 'sure thing'"—their coun-
terproposal—instead of the settlement. The Smith Entities have
forfeited each of their arguments for the reasons explained below.

The Smith Entities have forfeited their first and second ar-
guments because—despite their pages of unapplied block quotes
from the Code—they fail to explain *how* the settlement here vio-
lated any law; at best, they make conclusory statements that the
Code was violated. And they do not cite any authority at all for
their claim that the bankruptcy court should not have approved the

settlement until after discovery was completed.  "We have long held that an appellant abandons a claim [by] . . . rais[ing] it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014); *see also Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's brief must include an argument containing appellant's contentions and the reasons for them, with citations to the [supporting] authorities. . . .  [S]imply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering [it] on appeal." (internal quotation omitted)); *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1297 n.3 (11th Cir. 2009).

The Smith Entities have likewise forfeited their third argument:  That the bankruptcy court violated section 363 because "[No Rust]'s estate does not include any cognizable ownership interest in the . . . [P]roperty."  As the district court explained, "[p]roperty of the estate" includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).  The Smith Entities don't dispute the district court's ruling that "the [b]ankruptcy [c]ourt was entitled to *assume* that . . . the estate *does* have an interest in the Property," especially considering that in the Property dispute, the Smith Entities claimed they held an ownership interest in the Property.  So this argument is abandoned. *Sapuppo*, 739 F.3d at 681.

Finally, the Smith Entities have forfeited their fourth argument—that the bankruptcy court should have rejected the

settlement in favor of their counterproposal—because they fail to contend with (or even mention) the district court's decision that the bankruptcy court "determine[d] that the settlement d[id] not fall below the lowest point in the range of reasonableness." *See Martin*, 490 F.3d at 1275. Nor do the Smith Entities argue that the bankruptcy court misapplied the *Justice Oaks* factors. 898 F.2d at 1549. Thus, they have abandoned any argument that the bankruptcy court abused its discretion in approving the settlement over their counterproposal. *Sapuppo*, 739 F.3d at 681; *Singh*, 561 F.3d at 1278; *Yates v. Pinellas Hematology & Oncology, P.A.*, 21 F.4th 1288, 1306 (11th Cir. 2021) ("[Appellant] does not explain why the district court erred in ruling for [Appellee] on those two claims. It has therefore abandoned any argument related to them.").

**AFFIRMED.**